FILED
Clerk
District Court
AUG 04 2023
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VICKILYN RAMONICA MANGLONA TEREGEYO,<br><br>　　　　Defendant. | Case No.: 1-19-cr-00006<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

On July 18, 2023, Defendant Vickilyn Ramonica Manglona Teregeyo, an inmate at the Federal Correctional Institute Dublin ("FCI Dublin") serving a six-month sentence of imprisonment, filed a pro se motion for compassionate release "to take care of [her] three minor children" who "are currently cared for by her housekeeper" that she is no longer able to pay. (Mot., ECF No. 84.) The government opposes her motion. (Opp'n, ECF No. 85.) The Court finds oral arguments unnecessary for this matter and exercises its discretion to decide Teregeyo's motion without oral arguments. *See* LR 7.1(a)(2). Having considered controlling law and the evidence provided, the Court DENIES Teregeyo's motion for the following reasons.

### I.　　BACKGROUND

Teregeyo was indicted by the grand jury on April 11, 2018 in the District Court of Guam for two counts of drug use in possession of firearm and ammunition, in violation of 18 U.S.C. § 922(g)(2). (Indictment, *United States v. Teregeyo*, No. 1:18-cr-00006 (D. Guam Apr. 11, 2018), ECF No. 1.) She pled guilty to Count 2 on June 27, 2018 before Magistrate Judge Joaquin V.E. Manibusan (Criminal

Mins., *United States v. Teregeyo*, No. 1:18-cr-00006 (D. Guam June 27, 2018), ECF No. 19), and on May 24, 2019, Teregeyo was sentenced by Chief Judge Frances Tydingco-Gatewood to time served for her drug conviction in Count 2, followed by three years of supervised release (J., *United States v. Teregeyo*, No. 1:18-cr-00006 (D. Guam May 28, 2019), ECF No. 67). As part of her mandatory conditions of supervised release, Teregeyo was ordered not to unlawfully possess or use a controlled substance.

Defendant's supervision was then transferred to this Court's jurisdiction. (Order on Transfer of Jurisdiction, ECF No. 1.) On March 26, 2021, this Court revoked Teregeyo's term of supervised release and sentenced her to three months of imprisonment followed by 33 months of supervised release given her numerous instances of testing positive for methamphetamine in violation of her conditions of supervised release. (Revocation J., ECF No. 30.) Nearly one year later, on March 25, 2022, the Court again revoked Teregeyo's term of supervised release after she admitted to using methamphetamine on three separate occasions and sentenced her to three months of imprisonment, followed by 27 months of supervised release. (Revocation J., ECF No. 52.) The next year, on May 19, 2023, this Court revoked Teregeyo's supervised release for a *third* time after she tested positive for methamphetamine and sentenced her to six months of imprisonment, followed by 18 months of supervised release. (Revocation J., ECF No. 83.) She began serving her sentence on May 26, 2023. (*Id*. at 2.)

For the current sentence, Teregeyo was initially imprisoned at the Department of Corrections in Saipan, where she "asked the Director to release [her] on compassionate release[;]" was then sent to the Honolulu Federal Detention Center, where she "asked Warden Estelle Derr for compassionate

release[;]" and is currently serving the remaining term of her imprisonment at FCI Dublin in Dublin, California. (Mot. 1.)[1]

## II.   LEGAL STANDARD

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." (cleaned up)). The narrow exception to the Court being able to modify a term of imprisonment is that the Court may grant an inmate's motion to reduce the term of imprisonment, provided that the inmate satisfy certain conditions. § 3582(c)(1)(A). First, "the defendant [must] fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request *by the warden of the defendant's facility*, whichever is earlier[.]" § 3582(c)(1)(A) (emphasis added). Second, after considering the factors laid out in 18 U.S.C. § 3553(a), the Court must find that: (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

## III.   DISCUSSION

Defendant seeks compassionate release pursuant to § 3553. (Mot. 1.) The Court denies her motion because she has failed to exhaust her administrative remedies, and there are no extraordinary

---

[1] The Federal Bureau of Prison online Inmate Locator confirms that Defendant is at the FCI Dublin. *See Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/.

and compelling reasons warranting compassionate release.

### A. Exhaustion

As to the first requirement, for the Court to decide a motion for compassionate release filed directly by an inmate as opposed to the Director of the Federal Bureau of Prisons ("BOP"), the moving inmate must first exhaust the available administrative remedies "to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A); see *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam). Alternatively, the inmate can satisfy the exhaustion requirement by sending a letter requesting compassionate release to the "warden of the defendant's facility," and after the passage of 30 days without a response, may seek a direct review by the district court. § 3582(c)(1)(A). The Ninth Circuit held as a matter of first impression that the "administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked" by the Government, rather than serving as a jurisdictional bar. *Keller*, 2 F.4th at 1282. Thus, it is "mandatory in the sense that a court must enforce the rule if a party properly raise[s] it, but the objection may be forfeited if the party asserting the rule waits too long to raise the point." *Id*. (citations omitted) (cleaned up).

Here, Teregeyo has not adequately demonstrated that she has exhausted her administrative remedies. Teregeyo attests that she filed a request with Warden Estelle Derr while at the Honolulu Federal Detention Center and thirty days has lapsed without a response. (Mot. 1.) Although the prosecution asserts that Teregeyo failed to satisfy the threshold exhaustion requirement because she did not specify how she made the requests or the dates, (Opp'n 3), it fails to cite authority that necessarily requires a prisoner to provide such details. In addition to liberally construing pro se prisoner motions, *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000) (citations omitted), *as*

*amended* (Jan. 29, 2001), courts may construe allegations in a pro se litigant's filing "as if they were asserted in an affidavit[,]" *Battles v. Dep't of Corr.*, No. 2:19-CV-01727-AC, 2020 WL 5351656, at *2 (D. Or. July 7, 2020), *report and recommendation adopted,* 2020 WL 5351033 (D. Or. Sept. 4, 2020). Bearing this standard in mind, Teregeyo satisfies the exhaustion of administrative remedies *if* she was still at the Honolulu Federal Detention Center. However, she is *currently* at the FCI Dublin, and it does not appear that she sent a request to the warden of FCI Dublin. Therefore, the Court concludes that she has not exhausted her administrative remedies at the facility she is *PRESENTLY* residing.

### B. Extraordinary and Compelling Reasons

Next, the inmate must demonstrate that: (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As to the second prong, the Ninth Circuit has held that for motions filed by a defendant, "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]'" as "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). The Ninth Circuit reasoned so in part due to the text of Application Note 4 to § 1B1.13, which states that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)." *Id*. at 801 (quoting U.S.S.G. § 1B1.13, Application Note 4). Thus, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. at 802 (citation omitted).

The relevant statements outlined in United States Sentencing Guidelines § 1B1.13 are: (1)

"extraordinary and compelling reasons warrant the reduction,"[2] (2) "the defendant is not a danger to the safety of any other person or to the community," and (3) "the reduction is consistent with this policy statement." Application Note 1 outlines four categories under which "extraordinary and compelling reasons" exist:  (1) the defendant suffers from a medical condition that is terminal or suffers from a serious physical, medical, functional or cognitive condition that "substantially diminishes the defendant's ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and "has served at least 10 years or 75 percent of his or her term of imprisonment[;]" (3) family circumstances involving "[t]he death or incapacitation of the caregiver of the defendant's minor child" or incapacitation of the defendant's spouse or registered partner; or (4) other reasons that are extraordinary and compelling. *See* U.S.S.G. § 1B1.13, Application Note 1.

With the instant motion, the Court is unpersuaded that Teregeyo's minor children's caregiver is incapacitated so as to constitute an extraordinary and compelling reason. Teregeyo asserts that she is no longer able to afford to pay her housekeeper, who currently cares for her three minor children. (Mot. 1.) "Although there is currently no universal standard for evaluating a caregiver's 'incapacitation,' other district courts have relied on guidance provided by the BOP when considering compassionate release or Reduction in Sentence ('RIS') requests under 18 U.S.C. §§ 3582 and 4205(g) based on a caregiver's incapacitation." *United States v. Rand*, No. 3:16-cr-00029-MMD-WGC-1, 2021

---

[2] Alternatively, the defendant must be 70 years old and has served at least 30 years in prison. § 1B1.13(1)(B). This provision clearly does not apply to Teregeyo.

U.S. Dist. LEXIS 183153, at *13, 2021 WL 4394782, at *5 (D. Nev. Sep. 24, 2021) (collecting cases), *aff'd,* No. 21-10288, 2022 U.S. App. LEXIS 22673, 2022 WL 3359173 (9th Cir. Aug. 15, 2022). "For requests based on non-medical circumstances (of the inmate), the BOP understands 'incapacitation' to mean 'the *family member caregiver* suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child.'" *Id.* (emphasis added) (citation omitted). Here, even assuming that the housekeeper, who is not a family member, constitutes Teregeyo's children's caregiver, the housekeeper is not incapacitated as she has not suffered a severe injury or illness that has rendered her incapable of caring for the children. Teregeyo is merely unable to pay her. Moreover, Teregeyo is notably silent as to the availability of other caregivers. *See United States v. Sua*, Cr. No. 20-00071 JAO, 2023 WL 2758748, at *2 (D. Haw. Apr. 3, 2023) (collecting cases where district courts have required the defendant to be "an *irreplaceable* caregiver" (citations omitted)); *United States v. Hall*, No. 2:14-CR-21-RMP-3, 2021 U.S. Dist. LEXIS 103598, at *6, 2021 WL 2211102, at *3 (E.D. Wash. June 1, 2021) (noting that "the availability of other caregivers remain[s] critical to the analysis" for family circumstances exception (citation omitted)). Teregeyo's youngest child's father has been present for at least one of her hearings in this case and has even spoken on her behalf before this Court. (*See* Mins., ECF No. 51.) Additionally, Teregeyo's mother and step-father (a well-known attorney in this community), who were present for several of her hearings, may be other feasible options. In fact, as the prosecution notes, Teregeyo's parents adopted at least two of her children, including the eldest child she appears to reference in her motion. (Presentence Investigation Report 14, *United States v. Teregeyo*, No. 1:18-cr-00006 (D. Guam

Mar. 29, 2019), ECF No. 53.)[3] Therefore, the Court concludes that Teregeyo's cited change in family circumstances does not constitute an extraordinary and compelling reason for her compassionate release.

## IV. CONCLUSION

Based on the foregoing, Defendant Teregeyo's motion for compassionate release is DENIED.

IT IS SO ORDERED this 4th day of August, 2023.

                                                          RAMONA V. MANGLONA
                                                          Chief Judge

---

[3] The Presentence Investigation Report undermines Defendant's contention that she is the legal guardian of her three children, (Mot. 2).